UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALPHONSE MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | No. |
| ) | |
| vs. ) | Judge |
| ) | Magistrate Judge |
| CITY OF CHICAGO, ) | |
| Chicago Police Officers ) | Jury Demand |
| CALVIN CHATMAN, Star 5532, ) | |
| JAMES ECHOLS, Star 12329, ) | |
| HARRY MATHEOS, Star 18599, and ) | |
| DIMITRIOSJ LAMPERIS, Star 20718, ) | |
| ) | |
| Defendants. ) | |

**07 C 6926**

**JUDGE KENDALL
MAGISTRATE JUDGE KEYS**

**J. N.**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a citizen of the United States, and a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. On December 20, 2005, Plaintiff was leaving a building located at or near 5009 West Washington in the City of Chicago.

9. Plaintiff was approached by Defendant-Officers.

10. Defendant-Officers ordered Plaintiff to stop.

11. Plaintiff stopped.

12. Defendant-Officers searched Plaintiff.

13. Defendant-Officers did not find a weapon, narcotics, or evidence of any criminal activity on Plaintiff's person.

14. Plaintiff was seized and not free to leave.

15. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

16. Plaintiff had been walking to get into a Monte Carlo vehicle that belonged to his friend.

17. When the Defendant-Officers searched Plaintiff, they removed from Plaintiff's person the keys for the Monte Carlo.

18. After searching Plaintiff's person, the Defendant-Officers searched the Monte Carlo.

19. Defendant-Officers claimed that they recovered narcotics from the Monte Carlo.

20. Defendant-Officers arrested Plaintiff and charged him with possession of the narcotics they alleged that they recovered in the Monte Carlo.

21. There was not probable cause for such charges.

22. Defendant-Officers conspired and acted together to cover up the false arrest of Plaintiff without probable cause or legal authority.

23. Defendant-Officers prepared false police reports to cover up the unreasonable search and seizure of Plaintiff.

24. Defendant-Officer CHATMAN prepared an arrest report under oath stating that Plaintiff was arrested outside of 5009 West Washington at about 10:45 p.m.

25. In the arrest report, Defendant-Officer CHATMAN further stated that as Plaintiff was entering the Monte Carlo, Defendant-Officers approached for a "field interview," and at that time he observed "on the passenger seat" five bags which contained narcotics.

26. According to the arrest report, Plaintiff was approached and seized before he got

into the Monte Carlo, and did not drive it.

27. Defendant-Officers CHATMAN and ECHOLS prepared a supplementary report. In this report, they claimed that Plaintiff drove the Monte Carlo and was stopped for driving on a suspended license.

28. In the supplementary report, CHATMAN and ECHOLS claimed that Plaintiff had left a building at 5063 West Washington at about 11:45 p.m., drove away, and was stopped and arrested about a half block later for driving without a license.

29. In the supplementary report, it is also alleged that as Plaintiff was being removed from the car, ECHOLS and LAMPERIS observed a plastic bag protruding from under the passenger seat-which was then recovered and contained narcotics.

30. The arrest report and the supplementary report are not only inconsistent, but are also false.

31. On November 7, 2007, a hearing was held on a motion to quash arrest in the case of People v. Alphonse Matthews, Cook County Circuit Court case number: 06 CR 1646. The judge granted the motion, finding that there was not probable cause for the seizure and arrest of Plaintiff.

32. On December 5, 2007, the prosecution made a motion to nolle pross and dismiss the case.

33. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

34. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, mental anguish and humiliation, and special damages including attorneys' fees, and monies posted for bond.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

35. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

36. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

37. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

38. The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Civil Conspiracy)

39. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

40. Defendant-Officers CHATMAN, ECHOLS, MATHEOS, and LAMPERIS knowingly and intentionally schemed and worked together in a common plan to institute charges against Plaintiff for possession of narcotics.

41. Defendant-Officers conspired and acted together to cover up the false arrest of Plaintiff without probable cause or legal authority.

42. Defendant-Officers made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up their own misconduct.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law Claim for Malicious Prosecution)

43. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

44. Defendant-Officers instituted charges against Plaintiff for possession of narcotics.

45. There was not probable cause for such charges.

46. The charges were dismissed in a manner indicative of Plaintiff's innocence.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law *Respondeat Superior* Claim)

47. The acts of the individual Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

48. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against the CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

49. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

50. The acts of the individual Defendant-Officers described in the above claims were

willful and wanton, and committed in the scope of employment.

51. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

/s/Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595