**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALPHONSE MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6926 |
| | ) | |
| vs. | ) | Judge Kendall |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Keys |
| Chicago Police Officers | ) | |
| CALVIN CHATMAN, Star 5532, | ) | Jury Demand |
| JAMES ECHOLS, Star 12329, | ) | |
| HARRY MATHEOS, Star 18599, and | ) | |
| DIMITRIOSJ LAMPERIS, Star 20718, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S**
**COMPLAINT**

Defendants Calvin Chatman, James Echols, Harry Matheos, Dimitrios Lamperis, and the

City of Chicago ("City"), by and through one of their attorneys, Anne K. Preston, Assistant

Corporation Counsel, hereby submit their Answer, Affirmative Defenses, and Jury Demand to

Plaintiff's Complaint, and state as follows:

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and
the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**      Defendants admit that this action is brought pursuant to 42 U.S.C. §1983

and the Fourth and Fourteenth Amendments to the Constitution, but deny engaging in any

wrongful or illegal conduct which would give rise to a cause of action under the laws alleged.

2.      Jurisdiction for Plaintiffs federal claims is based on28U.S.C. §§ 1331 and
1343(a). Jurisdiction for Plaintiffs state claims is based on supplemental jurisdiction pursuant to
28 U.S.C. § 1367(a).

**ANSWER:**      Defendants admit that jurisdiction is proper, but deny any wrongful or

illegal conduct.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims
arose in this district as alleged below.

**ANSWER:**      Defendants admit that venue is proper, but deny the remaining

allegations contained in Paragraph 3.

### Parties

4.      Plaintiff is a citizen of the United States, and a resident of Chicago, Illinois.

**ANSWER:**      Defendants admit, upon information and belief, the allegations contained

in this paragraph.

5.      Defendant police officers are duly appointed and sworn Chicago police officers.
At all times relevant to this Complaint, the Defendant-Officers were acting in the course and
scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:**      Defendants admit the allegations contained in this paragraph.

6.      The Defendant-Officers are sued in their individual capacities.

**ANSWER:**      Defendants admit the allegations contained in this paragraph.

7.      The CITY OF CHICAGO is a municipal corporation, duly incorporated under the
laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:**      Defendants admit the allegations contained in this paragraph.

### Facts

8.      On December 20, 2005, Plaintiff was leaving a building located at or near 5009
West Washington in the City of Chicago

**ANSWER:**      Defendants Chatman, Echols, and City admit that they saw Plaintiff

leaving a building located at or near 5063 W. Washington in Chicago, on December 20, 2005,

but deny the remaining allegations contained in this paragraph.  Defendants Lamperis and

Matheos admit that Officers Echols and Chatman observed Plaintiff leaving a building located at or near 5063 W. Washington, in Chicago, on December 20, 2005, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8.

9.      Plaintiff was approached by Defendant-Officers.

**ANSWER:**      Defendants admit that Defendant Officers approached Plaintiff at some point in time, but deny the chronology alleged and deny the remaining allegations contained in Paragraph 9.

10.      Defendant-Officers ordered Plaintiff to stop.

**ANSWER:**      Defendants deny the allegations contained in Paragraph 10.

11.      Plaintiff stopped.

**ANSWER:**      Defendants deny the chronology alleged.  Defendants admit the remaining allegations contained in Paragraph 11.

12.      Defendant-Officers searched Plaintiff.

**ANSWER:**      Defendants deny the chronology alleged.  Defendants admit that a pat down search was done at the scene of Plaintiff's arrest, but deny the remaining allegations contained in Paragraph 12.

13.      Defendant-Officers did not find a weapon, narcotics, or evidence of any criminal activity on Plaintiff's person.

**ANSWER:**      Defendants deny the allegations contained in Paragraph 13.

14.      Plaintiff was seized and not free to leave.

**ANSWER:**      Defendants deny the chronology alleged.  Defendants admit the

remaining allegations contained in Paragraph 14.

15.    Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 15.

16.    Plaintiff had been walking to get into a Monte Carlo vehicle that belonged to his friend.

**ANSWER:**    Defendants admit that Plaintiff walked to and got into a Monte Carlo

vehicle.    Defendants lack knowledge or information sufficient to form a belief as to the truth or

falsity of the allegation that the Monte Carlo vehicle belonged to Plaintiff's friend.    Defendants

deny the chronology alleged and deny the remaining allegations contained in Paragraph 16.

17.    When the Defendant-Officers searched Plaintiff, they removed from Plaintiff's person the keys for the Monte Carlo.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 17.

18.    After searching Plaintiff's person, the Defendant-Officers searched the Monte Carlo.

**ANSWER:**    Defendants admit that the Monte Carlo was searched, but deny the

chronology alleged and deny the remaining allegations contained in Paragraph 18.

19.    Defendant-Officers claimed that they recovered narcotics from the Monte Carlo.

**ANSWER:**    Defendants admit that Defendant Officers recovered narcotics from the

Monte Carlo, but deny the remaining allegations contained in Paragraph 19.

20.    Defendant-Officers arrested Plaintiff and charged him with possession of the narcotics they alleged that they recovered in the Monte Carlo.

**ANSWER:**    Defendants admit that Defendant Officers arrested Plaintiff and that

Plaintiff was charged with possession of the narcotics recovered in the Monte Carlo, but deny the

remaining allegations contained in Paragraph 20.

21.    There was no probable cause for such charges.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 21.

22.    Defendant-Officers conspired and acted together to cover up the false arrest of
Plaintiff without probable cause or legal authority.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 22.

23.    Defendant-Officers prepared false police reports to cover up the unreasonable
search and seizure of Plaintiff.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 23.

24.    Defendant-Officers CHATMAN prepared an arrest report under oath stating that
Plaintiff was arrested outside of 5009 West Washington at about 10:45 p.m.

**ANSWER:**    Defendants admit that Defendant Officer Chatman prepared

an arrest report that indicated Plaintiff was arrested at approximately 5009 W. Washington at

about 10:45 p.m., but deny the remaining allegations contained in Paragraph 24.

25.    In the arrest report, Defendant-Officers CHATMAN further stated that as Plaintiff
was entering the Monte Carlo, Defendant-Officers approached for a "field interview," and at that
time he observed "on the passenger seat" five bags which contained narcotics.

**ANSWER:**    Defendants admit that the arrest report states that Defendant Officers

approached for a "field interview" and that Defendant Officers "observed in plain view on the

passenger side seat, (1) one shopping bag (Inv#10663991), containing $1,883.00 U.S.C.

(Inv#10663970), (3) three clear plastic bags, each containing large white chunks of suspect crack

cocaine (Inv#10663966), and (1) one clear plastic sealed bag containing (1) one plastic wrapped

rectangular brick, containing suspect cocaine (Inv#10663977)." Defendants deny the remaining

allegations contained in Paragraph 25.

26.    According to the arrest report, Plaintiff was approached and seized before he got into the Monte Carlo, and did not drive it.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 26.

27.    Defendant-Officers CHATMAN and ECHOLS prepared a supplementary report. In this report, they claimed that Plaintiff drove the Monte Carlo and was stopped for driving on a suspended license.

**ANSWER:**    Defendants admit that Defendant Officers Echols and Chatman prepared

a supplementary report.  Answering further, Defendants admit that the supplementary report

states that Plaintiff "entered a blue Chevrolet Monte Carlo and proceeded to drive away from this

location" and that Plaintiff was stopped because he was "prohibited from driving" and had a

suspended driver's license.  Defendants deny the remaining allegations contained in Paragraph

27.

28.    In the supplementary report, CHATMAN and ECHOLS claimed that Plaintiff had left a building at 5063 West Washington at about 11:45 p.m., drove away, and was stopped and arrested about a half block later for driving without a license.

**ANSWER:**    Defendants admit that the supplementary report indicates that Plaintiff

left a building at approximately 5063 W. Washington, drove away, and was stopped and arrested

at about 5009 W. Washington for driving on a suspended license.  Answering further, Defendants

admit that the time of occurrence is listed as approximately 11:45 p.m. on the supplementary

report.  Defendants deny the remaining allegations contained in Paragraph 28.

29.    In the supplementary report, it is also alleged that as Plaintiff was being removed from the car, ECHOLS and LAMPERIS observed a plastic bag protruding from under the passenger seat which was then recovered and contained narcotics.

**ANSWER:**    Defendants admit that the supplementary report indicates that Officers

Echols and Lamperis observed a "clear plastic bag with a white rock substance protruding from

underneath the passenger seat." Defendants admit that the plastic bag containing suspect crack

cocaine was subsequently recovered. Defendants deny the chronology alleged and deny the

remaining allegations contained in Paragraph 29.

30.     The arrest report and the supplementary report are not only inconsistent, but are
also false.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 30.

31.     On November 7, 2007, a hearing was held on a motion to quash arrest in the case
of People v. Alphonse Matthews, Cook County Circuit Court case number: 06 CR 1646. The
judge granted the motion, finding that there was not probable cause for the seizure and arrest of
Plaintiff.

**ANSWER:**     Defendants admit, upon information and belief, that on November 7,

2007, a hearing was held on a motion to quash arrest in the case of People v. Alphonse

Matthews, Cook County Circuit Court case number: 06 CR 1646. Defendants deny the

remaining allegations contained in Paragraph 31.

32.     On December 5, 2007, the prosecution made a motion to nolle pross and dismiss
the case.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations contained in Paragraph 32.

33.     Each individual Defendant-Officer acted willfully, wantonly, maliciously,
oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs rights.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 33.

34.     As a direct and proximate result of the acts of the Defendants described above,
Plaintiff has suffered and continues to suffer damages including loss of physical liberty,
emotional distress, mental anguish and humiliation, and special damages including attorneys'
fees, and monies posted for bond.

**ANSWER:**      Defendants deny the allegations contained in Paragraph 34.

## COUNT I
### (42 U.S.C. § 1983 - Unreasonable Seizure)

35.      Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

**ANSWER:**      Defendants reassert their answers to Paragraphs 1 through 34, inclusive,

as their answer to Paragraph 35, as if fully set forth herein.

36.      The actions of Defendant-Officers in searching Plaintiffs person without any legal
justification or probable cause violated his Fourth Amendment right, as guaranteed by the
Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**      Defendants deny the allegations contained in Paragraph 36.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor

and against Plaintiff on Count I, for the costs of defending this suit, and such other relief as the

Court deems just and appropriate.

## COUNT II
### (42 U.S.C. § 1983 - False Arrest/Imprisonment)

37.      Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

**ANSWER:**      Defendants reassert their answers to Paragraphs 1 through 34, inclusive,

as their answer to Paragraph 37, as if fully set forth herein.

38.      The actions of Defendant-Officers in arresting Plaintiff without any legal
justification or probable cause, violated his Fourth Amendment right, as guaranteed by the
Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**      Defendants deny the allegations contained in Paragraph 38.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor

and against Plaintiff on Count II, for the costs of defending this suit, and such other relief as the

Court deems just and appropriate.

## COUNT III
### (42 U.S.C. § 1983 - Civil conspiracy)

39.    Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

**ANSWER:**    Defendants reassert their answers to Paragraphs 1 through 34, inclusive,

as their answer to Paragraph 39, as if fully set forth herein.

40.    Defendant-Officers CHATMAN, ECHOLS, MATHEOS, and LAMPERIS
knowingly and intentionally schemed and worked together in a common plan to institute charges
against Plaintiff for possession of narcotics

**ANSWER:**    Defendants deny the allegations contained in Paragraph 40.

41.    Defendant-Officers conspired and acted together to cover up the false arrest of
Plaintiff without probable cause or legal authority.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 41.

42.    Defendant-Officers made out false and incomplete official reports and gave a false
and incomplete version of the event to other police officers investigating the incident in order to
cover up their own misconduct.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 42.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor

and against Plaintiff on Count III, for the costs of defending this suit, and such other relief as the

Court deems just and appropriate.

## COUNT IV
### (State Law Claim for Malicious Prosecution)

43.    Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

**ANSWER:**    Defendants reassert their answers to Paragraphs 1 through 34, inclusive,

as their answer to Paragraph 43, as if fully set forth herein.

44.    Defendant-Officers instituted charges against Plaintiff for possession of narcotics.

**ANSWER:**      Defendants admit that Plaintiff was charged with unlawful possession of

a controlled substance, but deny the remaining allegations contained in Paragraph 44.

45.      There was not probable cause for such charges.

**ANSWER:**      Defendants deny the allegations contained in Paragraph 45.

46.      The charges were dismissed in a manner indicative of Plaintiff's innocence.

**ANSWER:**      Defendants deny the allegations contained in Paragraph 46.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor

and against Plaintiff on Count IV, for the costs of defending this suit, and such other relief as the

Court deems just and appropriate.

**COUNT V**
**(State Law *Respondeat Superior* Claim)**

47.      The acts of the individual Defendant-Officers described in the supplementary state
law claims specified above were willful and wanton, and committed in the scope of employment.

**ANSWER:**      Defendants deny the allegations contained in Paragraph 47.

48.      Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is
liable for its agents' actions.

**ANSWER:**      Defendants admit that pursuant to respondeat superior, Defendant City

of Chicago could be held potentially liable for its agents' actions.   Defendants deny any

wrongful or illegal conduct and deny the remaining allegations contained in Paragraph 48.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor

and against Plaintiff on Count V, for the costs of defending this suit, and such other relief as the

Court deems just and appropriate.

## COUNT VI
### (Indemnification Claim pursuant to 745ILCS 10/9-102)

49.     Plaintiff realleges all of the paragraphs and counts as if fully set forth herein.

**ANSWER:**     Defendants reassert their answers to all of the paragraphs and counts as

their answer to Paragraph 49, as if fully set forth herein.

50.     The acts of the individual Defendant-Officers described in the above claims were
willful and wanton, and committed in the scope of employment.

**ANSWER:**      Defendants deny the allegations contained in Paragraph 50.

51.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY
OF CHICAGO is liable for any judgments in this case arising from the actions of the
Defendant-Officers.

**ANSWER:**     Defendants admit that pursuant to the Illinois Tort Immunity Act,

745 ILCS 10/9-102, Defendant CITY OF CHICAGO is empowered and directed to pay any tort

judgment or settlement for compensatory damages and may pay any associated attorney's fees

and costs for which it or an employee while acting within the scope of his employment is liable.

Defendants deny any wrongful or illegal conduct and deny the remaining allegations contained in

Paragraph 51.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor

and against Plaintiff on Count VI, for the costs of defending this suit, and such other relief as the

Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1.     Defendant Officers Chatman, Echols, Lamperis, and Matheos, are entitled to qualified

immunity.   Defendant officers are government officials, namely police officers, who perform

discretionary functions. At all times material to the events alleged in Plaintiff's complaint, a

reasonable police officer objectively viewing the facts and circumstances that confronted Defendant

officers could have believed their actions to be lawful, in light of clearly established law and the

information that Defendant officers possessed. Therefore, Defendant officers are entitled to qualified

immunity as a matter of law.

2.       As to Plaintiff's state law claims, Defendant Officers are not liable for injuries

arising out of their exercise of discretionary acts. Illinois Local Governmental and Governmental

Employees Tort Immunity Act, 745 ILCS 10/2-201.

3.       As to Plaintiff's state law claims, Plaintiff cannot establish willful and wanton

conduct on the part of Defendant Officers and therefore they are immune from suit. Illinois

Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

4.       As to Plaintiff's state law claims, Defendants are not liable for any injury

caused by the acts or omissions of another person. Illinois Local Governmental and

Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

5.       Defendant Officers are not liable for Plaintiff's state law claims because there was

probable cause for Plaintiff's arrest and the Defendant Officers did not act with any malice.

Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his

instituting or prosecuting any judicial or administrative proceeding within the scope of his

employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

6.       Under state law, to the extent any employee or agent of the City was acting within

the scope of his or her employment, that employee or agent is not liable for his or her acts or

omissions in the execution or enforcement of the law, unless such act or omission constitutes

wilful and wanton conduct.  745 ILCS 10/2-202 (1994).

7.      To the extent any injuries or damages claimed by Plaintiff were proximately caused,

in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment

obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to

"intentional" willful and wanton behavior, must be reduced by application of the principles of

comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the

jury in this case.  *See* Poole v. City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec.

171 (Ill. 1995).

8.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any

verdict or judgment obtained by Plaintiff must be reduced by application of the principle that

Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of

failure to mitigate attributed to Plaintiff by the jury in this case.

9.      Under the Illinois Local Governmental and Governmental Employees Tort Immunity

Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action

brought directly or indirectly against it by the injured party or a third party.  745 ILCS 10/2-102.

10.      Under the Illinois Local Governmental and Governmental Employees Tort Immunity

Act, Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable to

Plaintiff.  745 ILCS 10/2-109.

11.       As to Plaintiff's state law claims, Defendant City of Chicago is not liable to pay

attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney

fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'"

See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979)(citations omitted).

## **Jury Demand**

Defendants Calvin Chatman, James Echols, Dimitrios Lamperis, Harry Matheos, and the

City of Chicago hereby demand a jury trial.

Respectfully submitted,

 /s/Anne K. Preston
ANNE K. PRESTON
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-4045
(312) 744-6566 (Fax)
Atty. No.  6287125

## CERTIFICATE OF SERVICE

I, Anne K. Preston, hereby certify that I have caused a true and correct copy of the above

and foregoing **DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND TO**

**PLAINTIFF'S COMPLAINT,** to be sent via e-filing to the persons named below, "Filing

Users" pursuant to Case Management/Electronic Case Files, on June 4, 2008, in accordance with

the rules on electronic filing of documents.

> Lawrence V. Jackowiak
> Louis Meyer
> Daniel Kiss
> Law Offices of Lawrence V. Jackowiak
> 20 N. Clark St., Suite 1700
> Chicago, IL  60602

/s/ Anne K. Preston
ANNE K. PRESTON
Assistant Corporation Counsel
